

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-29-2008

# Lee v. Progressive Cslty

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1707

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Lee v. Progressive Cslty" (2008). *2008 Decisions.* Paper 1312.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1312

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1707
_____

DANIEL LEE,

Appellant,

v.

PROGRESSIVE CASUALTY INSURANCE COMPANY,

Appellee.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 06-cv-3346)
District Judge: Honorable John P. Fullam

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 10, 2008

Before: FUENTES, CHAGARES, and ALDISERT, Circuit Judges.

(Opinion Filed: April 29, 2008)

_____

OPINION OF THE COURT
_____

FUENTES, Circuit Judge.

This is an appeal from the grant of summary judgment in favor of the defendant in an insurance case, brought in federal court under diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

This case concerns the amount of money owed to the plaintiff, Daniel Lee, under an insurance policy issued to his mother, Myung Lee, by Progressive Casualty Insurance Company ("Progressive"). Myung Lee purchased car insurance and signed a writing, pursuant to 75 Pa. C.S. § 1734, that she was purchasing uninsured motorist and underinsured motorist coverages for an amount less than the limits of liability for bodily injury. Subsequently, Daniel Lee, the insured's son, got into an accident in Myung Lee's car and suffered several injuries. The parties dispute whether Lee is entitled to receive $15,000, the amount already paid by Progressive and indicated in the policy as the underinsured motorist coverage, or $100,000, the amount of bodily injury coverage in the policy. Appellant argues that because the policy did not indicate the amount of the underinsured motorist coverage on the same page as the § 1734 writing, the writing is invalid. There is nothing in the statute that requires the writing to include the amount of the coverage on the same page as the signature.

Accordingly, and substantially for the reasons set forth in the District Court's February 21, 2007 decision, the judgment of the District Court is affirmed.